IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 22-10012-EFM |
| | ) | |
| RYAN CARL LOWMASTER, | ) | |
| Defendant. | ) | |
| | ) | |

**SENTENCING MEMORANDUM
OF DEFENDANT RYAN CARL LOWMASTER**

Defendant Ryan Carl Lowmaster submits this memorandum pursuant to Rule 32 of the Federal Rules of Criminal Procedure for the Court's consideration in determining his sentence. Mr. Lowmaster appeared before this court on June 8, 2023, and entered his plea of guilty to one count of Felon in Possession of a Firearm, a Class C Felony, in violation of 18 U.S.C. § 922(g)(1). For the reasons stated below, Mr. Lowmaster respectfully requests that the Court sustain his objections and grant his prayer for a downward variance to a sentence of eighteen (18) months.

**I.
THE PRESENTENCE INVESTIGATION REPORT**

**A. SENTENCING OPTIONS**

The Presentence Investigation Report (PSR) provides that the resulting guideline range is 63 to 78 months imprisonment. Defendant objects to the sentencing guidelines calculation for the reasons contained in the Addendum to the Presentence Report that begins on page 35 of the PSR. Defendant respectfully submits that the correct guideline range is 30 to 37 months imprisonment.

1

Defendant's crime of conviction is a Class C Felony. Pursuant to statute, he is eligible for not less than one nor more than five years of probation. Since the applicable guideline range is in Zone D of the Sentencing Table, he is not eligible for probation.

## II.
## 18 U.S.C. § 3553(a) SENTENCING FACTORS

The primary directive in Section 3553(a) is for sentencing courts to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection."[1] Section 3553(a)(2) identifies the following purposes:

(A) To reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) To afford adequate deterrence to criminal conduct;

(C) To protect the public from further crimes of defendant; and

(D) To provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.[2]

Among the other factors that the statute directs courts to consider are the nature and circumstances of the offense and the history and characteristics of the defendant; the kinds of sentences available; the sentencing ranges established…in the guidelines; any pertinent policy statement…issued by the Sentencing Commission; the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct; and the need to provide restitution to any victims of the offense.[3]

---

1 18 U.S.C. § 3553(a).
2 18 U.S.C. § 3553(a)(2).
3 18 U.S.C. § 3553(a)(1) – (7); *Gall v. United States*, 552 U.S. 38 (2007).

In considering these factors, "no limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence."[4]

Defense submits that the facts and circumstances in this case support a variance to a sentence of 24 months if his objections are overruled. If his objections are sustained, he is requesting a variance to a sentence of 18 months imprisonment.

### III.
### A SENTENCE OF 18 MONTHS IS SUFFICIENT
### BUT NOT GREATER THAN NECESSARY
### TO ACCOMPLISH THE GOALS OF SENTENCING

An analysis of the sentencing factors under § 3553(a) reveals that a term of eighteen (18) months is sufficient in this case.

#### A.
#### THE NATURE AND CIRCUMSTANCES OF THE OFFENSE AND
#### THE HISTORY AND CHARACTERISTICS OF THE DEFENDANT

**1. Nature and Circumstances of the Offense**

Defendant's count of conviction is the result of Defendant possessing a firearm with the knowledge that he is prohibited from doing so due to a prior felony conviction. On the night in question, law enforcement seized two firearms from inside a Dodge Ram truck registered to Shimree Barrett. During a later search of the scene, law enforcement discovered a third firearm. At the change of plea hearing, Defendant admitted to knowingly possessing the third firearm.

On July 24, 2021, Defendant learned that his friend, Shane Ballew, had lost his grandmother. She passed away earlier that day. Mr. Ballew's grandmother raised him, so she was more like a mother to him. Defendant suggested to his friend that they go fishing together. It was

---

[4] 18 U.S.C. § 3661.

a pastime the two men enjoyed. Defendant hoped that taking his friend to a quiet spot to fish would help get his mind off his loss, even if only for a short time. Defendant and Mr. Ballew agreed to meet at a designated spot. Defendant invited his fiancé Shimree Barrett to join them. Ms. Barrett drove separately to the fishing spot. Defense believes that Ms. Barrett will testify that she drove her Dodge Ram truck to meet the group but, ultimately, did not stay.

Defendant, Mr. Ballew, Elizabeth Linnebur, and the minor son of Mr. Ballew and Ms. Linnebur walked down an embankment to the river. Very shortly after their arrival, the group was contacted by law enforcement. The officers were dispatched to the location where the three were fishing because of a report of trespassing and shots fired. Officers spoke with Defendant who advised that Ms. Barrett had driven the truck and trailer to the scene and departed in the Explorer that he had driven. Defendant stated several times that he had not driven the Dodge Ram to the scene and had not been inside the truck where two firearms were found. Defendant offered to call Ms. Barrett to verify his statement but law enforcement officers declined to contact her while they were at the scene or as part of any follow-up investigation.

The rifles and ammunition seized in this case are lawfully owned by Ms. Barrett. It is Defendant's belief that Ms. Barrett will testify that she placed the firearms in the truck on the date in question and drove the truck to the fishing spot. She did not inform Defendant that the firearms were inside the truck. The keys to the truck were found inside the truck and not in Defendant's possession.

Elizabeth Linnebur spoke with law enforcement. She stated that Defendant fired a handgun at a Gar on his fishing line. Defendant does not dispute that he had a .22 caliber handgun on him as they were in a rural area where it was possible to encounter dangerous wildlife. Further, he does not deny discharging the handgun at the Gar. The mouth of Gar contains numerous teeth that

4

make it dangerous to reach inside to remove hooks and bait. Defendant was targeting catfish that night, which is a regulated species as to size and daily creel limit. Gar is commonly known to sporting fisherman as a nuisance fish. They are in such abundance in Kansas fisheries that the State has not regulated the size or limit that an individual can harvest. Certain species of nuisance fish such as Gar are often targeted by bowfisherman and often are thrown up on banks after being shot.

Here, there was no intent to cause any harm to property or people. This is not a case where a firearm was utilized in a violent crime but rather a situation that occurs commonly in rural areas.

During the investigation, Defendant was calm and cooperative. He sat in a camping chair conversing with officers. The officers' interactions with Defendant suggest that they did not view Defendant to pose a threat of harm to anyone. Defendant's hands were not placed in cuffs, and he was not arrested. After law enforcement completed the search of the Dodge Ram and trailer, Defendant was permitted to drive home. He was not arrested until the Grand Jury returned the Indictment in this case.

**2. History and Characteristics of the Defendant**

Defendant was born and raised in Kansas. He has spent most of his life as a Kansas resident. In his youth, he developed a love for nature, fishing, farming, and hard work. He is a loving son, fiancé, and father. Prior to his arrest for this offense, he was living in Cherryvale, Kansas with his family, working full time, and farming his mother's land.

Defendant is the sole financial provider for his household. He has worked in HVAC for various companies and owned and operated his own Heating and Air Service. His Heating and Air company services southeastern Kansas. His fiancé takes care of the couple's three (3) year old son who has numerous health issues, in addition to helping Defendant care for his elderly mother

and her farm. The demands of numerous doctor's appointments between both their son and his mother require that his wife remain at home.

This Court is familiar with the defendant. He was before the Court for the same offense in 2014. The circumstances of the prior case, 6:14CR10144-011 were vastly different that the present matter. In 2014, Defendant burglarized a shed and stole 32 firearms. By contrast, Defendant submits that the facts and circumstances of the present case are less egregious. An overall review of Defendant's criminal history shows a good number of convictions; however, most of his convictions are of a non-violent nature. His last felony conviction was his prior federal case.

Ryan Carl Lowmaster is a loving family man and a hard worker. He works to support his family and to care for their needs. He is also a good friend. On the day in question, admittedly, he did a foolish and unlawful thing by having a firearm, but he submits that he never intended harm to anyone and was just trying to take a hurting friend fishing.

**B.**
**THE NEED FOR THE SENTENCE IMPOSED TO PROMOTE**
**CERTAIN STATUTORY OBJECTIVES**

Section 3553(a)(2) identifies four sentencing objectives. Defendant submits that a sentence of eighteen (18) months is sufficient but not greater than necessary to achieve all four objectives.

As the sentencing guidelines are no longer mandatory, the courts must now consider all "the kinds of sentences available" by statute, 18 U.S.C. § 3553(a)(3). Here, the applicable statute does not contain a mandatory minimum term of imprisonment. The maximum term of imprisonment is ten (10) years. The statute allows for not less than one (1) nor more than five (5) years of probation.

Defendant submits that his requested sentence of eighteen (18) months will satisfy the statutory objectives of sentencing. Even though probation is permitted under the statute, he

acknowledges that probation is not appropriate when considering his history and, specifically, his prior conviction for the same offense. As such, he is not petitioning for probation. Instead, he is asking this Court to grant a variance to a term of eighteen (18) imprisonment.

A sentence of eighteen (18) months will reflect the seriousness of the offense, promote respect for the law, and provide just punishment. As noted, the circumstances of Defendant's possession of the firearm do not reveal any malice or any intent to cause harm to another. He possessed it while engaging in fishing with his friends.

## IV.
## CONCLUSION

Defendant respectfully submits that the individual circumstances of the offense and Defendant's characteristics warrant a different sentence than the Guidelines recommend. Accordingly, Defendant submits that a sentence of eighteen (18) months is sufficient, but not greater than necessary, to comply with the statutory directives set forth in 18 U.S.C. § 3553(a).

Respectfully submitted,

s/Sylvia B. Penner
SYLVIA B. PENNER
Sup. Ct. No. 21640
Penner Lowe Law Group, L.L.C.
245 N. Waco, Ste 125
Wichita, KS 67202
Telephone: (316) 847-8847
Fax: (316) 847-8853
E-mail: spenner@pennerlowe.com

CERTIFICATE OF SERVICE

I hereby certify that on October 11, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to each counsel of record in this case.

s/Sylvia B. Penner<br>
SYLVIA B. PENNER<br>
Sup. Ct. No. 21640<br>
Penner Lowe Law Group, L.L.C.<br>
245 N. Waco, Ste 125<br>
Wichita, KS 67202<br>
Telephone: (316) 847-8847<br>
Fax: (316) 847-8853<br>
E-mail: spenner@pennerlowe.com