# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

*Plaintiff*,

v.

RYAN CARL LOWMASTER,

*Defendant*.

Case No. 22-CR-10012-EFM

**MEMORANDUM AND ORDER**

Before the Court are four Motions to Compel Discovery (Docs. 87, 88, 89, & 90) brought by Defendant Ryan Carl Lowmaster against the Government. Despite having a Federal Public Defender engaged in his representation, Defendant filed these four motions pro se. Defendant wishes to compel the production of a large volume of documents from the following: his previous defense counsel, Sylvia Penner (Doc. 88); the Kansas Bureau of Investigation (Doc. 87); the Kansas Department of Wildlife and Parks (Doc. 89); and the Montgomery County (Kansas) Sheriff's Office (Doc. 90). For the reasons stated below, the Court denies Defendant's motions.

There are two main issues with Defendant's motions. First, Defendant's representation by counsel precludes the Court from considering his pro se motions. Second, even if the Court did consider his pro se motions, they lack the necessary allegations for this Court to conclude that the requested discovery would produce information to support Defendant's § 2255 claims.

The Government advises that after Defendant filed a direct appeal challenging his sentence, the Tenth Circuit appointed the Office of the Federal Public Defender for the Districts of Colorado

and Wyoming as his attorney. Now, despite having a Federal Public Defender engaged in his representation, Defendant has filed four pro se motions to compel discovery. But Defendant is not entitled to "simultaneous self-representation and representation by counsel."[1] A defendant has a right to represent himself or to be represented by an attorney, but "no right to hybrid representation exists."[2] Thus, whether to allow pro se filings made by represented defendants is a matter within the discretion of the Court.[3] "The court must balance the individual's freedom of choice against the need to ensure the orderly proceedings essential to a fair trial. Rarely will the interests of justice be served by a defendant's supplementation of the legal services provided by his counsel."[4] Here, because he is represented by counsel, Defendant's contact with the Court should occur through counsel.[5] Thus, the Court cautions Defendant against filing future pro se motions when he is represented by counsel; any further pro se filings will be summarily denied.

This time, however, the Court will address Defendant's motions. Defendant requests dozens of documents which he inexplicably claims are "necessary" and "unique" for his § 2255 motion. Notably, Defendant has not filed a § 2255 habeas petition, the preparation of which is the basis for his request. But even so, "[a] habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course."[6] Instead, discovery in § 2255 habeas proceedings is governed by Rule 6 of the Rules Governing § 2255 Proceedings, which

---

[1] *United States v. Couch*, 758 F. App'x 654, 655 (10th Cir. 2018).

[2] *United States v. Hill*, 526 F.2d 1019, 1024 (10th Cir. 1975).

[3] *Id.* at 1025; *United States v. Bennett*, 539 F.2d 45, 49 (10th Cir. 1976).

[4] *United States v. Mitchell*, 2014 WL 172148, at *3 (D. Kan. Jan. 15, 2014) (further citations omitted).

[5] *See United States v. Sandoval-De Lao*, 283 F. App'x 621, 625 (10th Cir. 2008) (no error in refusal to consider pro se motion when defendant represented by counsel); *United States v. Castellon*, 218 F. App'x 775, 780 (10th Cir. 2007) (if criminal defendant represented by counsel, court does not accept pro se filings or allegations); *United States v. McKinley*, 58 F.3d 1475, 1480 (10th Cir. 1995) (no constitutional right to "hybrid form of representation").

[6] *Curtis v. Chester*, 626 F.3d 540, 549 (10th Cir. 2010) (further citations omitted).

permits discovery only with leave of court after a showing of good cause. District courts routinely deny requests for such discovery absent a showing of good cause *after* a viable habeas petition has been filed.[7] Here, however, no habeas petition has been filed, so the Court cannot preliminarily assess its viability. Because Defendant's reasons for needing discovery are conclusory and speculative, he has not yet filed a habeas petition, and he has not sought leave of court to conduct discovery under the applicable rules, his motions are, at best, premature.

**IT IS THEREFORE ORDERED** that Defendant Ryan Carl Lowmaster's Motions to Compel Discovery (Docs. 87, 88, 89, & 90) are **DENIED**.

**IT IS SO ORDERED.**

Dated this 10th day of March, 2025.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE

---

[7] *See, e.g.*, *United States v. Allen*, 2022 WL 6728562, at *6 (D. Kan. Oct. 11, 2022).